Colcock, J.
Upon reading the statute of North Carolina, it is found to be in the very words of the statute of frauds, with the addition of the words, slave or slaves', and consequently subject to the same construction which that statute has received.
. It was soon discovered that the provisions of the statute of frauds greatly impeded the business of sales at auction. and the first effort was to declare that they were not embraced within its provisions. But the generality of its terms was too extensive to be thus restricted, and it was then deci *459 ded in the case of Simon vs. Motivos (3 Burrows 1921,) that the auctioneer was the agent of both parties, and that his putting down the name of the purchaser, the article sold and price and terms should be considered as a sufficient compliance with the requisites of the statute. — The articles sold were goods. For sometime it was held that this doctrine was not applicable to the sale of lands or any interest in them, and several decisions to that effect were made. The first was, that of Stansfield vs. Johnson, (1 Esp. Rep. 101.) That was a sale of copy-hold lands, and the chief justice held the defence of the statute of frauds good, saying that the case oí Simon vs. Motivos, applied only to goods. This was followed by the case of Walker vs. Constable (1 Bos. & Pul. 101,) in which the same opinion was expressed; and the case of Buchmaster vs. Harrop (7 Ves. 341,) was decided by Sir William Grant, on the authority of these two cases. But Lord Ers-Jcine and Lord Eldon, afterwards, both gave contrary opinions. They ask why the difference? Although the form of the two clauses differ not as to that part of them which requires the memorandum in writing, they are the same. (13 Vesey, 456, 9 Vesey 249.) And these decisions have been followed by several others which may be considered as putting the question at rest. (Emmerson vs. Heelis. 2 Taunton, 38. and White & Proctor, 4 Taunt. 209; and M'Comb vs. Wright, 4 Johnson's Chancery Rep. 665. But although lam compelled to yield to this weight of authority, I cannot forbear to express an ©pinion that it would have been better to have adhered to the provisions of the statute. For although from the concourse of persons who usually attend these public sales, it may notbe easy to practice fraud, yet there is no doubt but it is sometimes down; at all events much litigation would have been prevented.
In the case before us, however, the plaintifi'cannot succeed; for the entry was not made by the auctioneer; and we must be careful not to extend the doctrine so far as entirely to destroy the salutary provisions of the statute. The entry *460 appears to have been made by the clerk; and in the first Case, above referred to, Coles vs. Trecothick, (9 Vesey 251) it was held that an auctioneer’s clerk, notwithstanding any usage of trade to the contrary, is not an agent within the statute whose signature will give validity to a contract of sale by auction, unless the authority of the party has been specially obtained for that purpose, or he has assented to it.
May, for the motion.
Levy and Willie contra.
Again, in all the cases, and in the leading case in particular, it will be found that it is required that the entry, to be a compliance with the provisions of the statute, must be a memorandum of the contract; that it must state distinctly the article sold,, the price and the purchaser’s name. (Hodgkins vs. Bond, Adams, 284. Parkhurst vs. Van Cortlandt, 1 John. C. R. 273.) Now the entry produced is in these words: “ The tract of land to Wm. Meadows, jr. at $5 48.” What evidence does this afford of the contract? What tract of land. How many acres? Would such a description convey any title to the purchaser? Would it enable him to compel a performance of the contract by the vendor, should he refuse? It certainly could not. Therefore it cannot operate against the defendant. On these two grounds the determination of the court rests. But if it had been necessary to investigate the other grounds there is no doubt that more than one of them would have been sustained.
The motion is granted, (a.)

 That the auctioneer is not the agent of vendor and vendee, both, upon a sale of lands, see, besides the cases mentioned in the text, Higginson vs. Clowes, 15 Ves. 516.
That the auctioneer is the agent of both parties, see White vs. Proctor, 4 Taunt. 209. Davis vs. Robertson, 1 Const. Rep. Tread, Ed. 71. Jenkins vs. Hogg, 2 Const. Rep. 821. Merrit vs. Clayson, 14 Johns. Rep. 484.
Where the agent of the vendor wrote the note in the vendor’s order-book, in the presence of the vendee, although he afterwards, at the desire of the vendee (the defendant,) read it over to him, it washeld *461 that the signature was not sufficient. (Cooper vs. Smith, 15 East. 103.) And it has been held, that one of the contracting parties could not be considered as the agent of the other, although the other overlooked him, and gave him directions as to the terms. Wright vs. Dannah, 2 Camp. 203, Theagentmustbeathirdperson. Therefore, where an auctioneer wrote down the defendants name by his authority opposite to the lot purchased; Held, that in an action brought in the name of the auctioneer, the entry in such book was not sufficient to take the case out of the statute. (Farebrother vs. Simmons, 5 Barn.and Ald. 333.)